In the Matter of CRANFORD COAL & LAND CO., INC., Respondent. RED BALL VAN LINES, INC., Appellant.— In a proceeding to fix a reasonable rent in excess of the emergency rent, the tenant appeals from the final order, entered on the decision of an Official Referee, which found $375 a month to be reasonable rent. Final order reversed on the law and the facts, without costs, and the matter remitted to the Official Referee for further proceedings upon the evidence heretofore taken and such additional evidence, if any, as may be produced by the parties, to make a decision and to indicate the findings upon which the determination is made so that such determination may be properly reviewed upon appeal. (*Matter of Zellner* [*Brooklyn Trust Co.*], 270 App. Div. 941.) The parties agree that the proceeding was not brought in pursuance of the amendments of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1949, ch. 534, and L. 1950, ch. 327) which provide an alternative method for determining fair rent in excess of emergency rent. On this record it appears that the parties proceeded on the theory that the rental area was the parcel occupied by the tenant and that there was no specific assessment of that parcel on the latest completed tax roll at the time of the hearing. The landlord, under such circumstances, could not state in a bill of particulars or at the hearing what the specific assessed value of this parcel was. Therefore, there was no warrant

for a motion to dismiss the proceeding for lack of such statement. It was, however, necessary that the fair value of the premises should have been determined in arriving at the fair rental value. (L. 1945, ch. 3, § 4, as amd. by L. 1949, ch. 534, and L. 1950, ch. 327.) No finding as to the value of the parcel was made by the Official Referee. Neither did he find what was the amount of the carrying charges. The amount of insurance was not disputed. But no finding was made as to the share of the taxes assessed for the combined units which this parcel should have borne. The landlord had the burden of establishing what proportion of the total tax could be charged as a carrying expense of this parcel. It appears that there is now on the "latest completed" tax rolls an assessed value for the premises occupied by the tenant which is in accord with that which the landlord contemplated would be placed on the premises. The record fails to disclose that the Official Referee considered an amount equal to the new assessment, or any other amount, as the proportionate share of the full assessment of $56,000 carried on the 1949–50 rolls in determining the fair value of the premises or the monthly rental value which he fixed. The assessed value now entered on the tax rolls may be considered on the rehearing in arriving at the carrying charge for taxes at the time of the application and at the tax rate then in force. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.